UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

OSCAR DIMERY,

    Plaintiff,

v.                                       1:10-cv-50

HAMILTON COUNTY JAIL,
RICHARD E. SHOCKLEY
RODNEY TERRELL,
JEFFERSON SANDERS, and
JUSTIN KILGORE,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Hamilton County Jail. The defendants are the jail itself, Chief Richard E. Shockley, Sgt. Rodney Terrell, Property Officer Jefferson Sanders, and Chattanooga Police Officer Justin Kilgore. The basis of plaintiff's complaint is that jail staff released plaintiff's personal property to Officer Kilgore without plaintiff's knowledge or consent and without a court order or warrant.

In order to pursue a claim in federal court for deprivation of property by a state actor, a plaintiff must plead and prove that state remedies available to him are inadequate to redress the claimed deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds by Daniel v. Williams*, 474 U.S. 327, 330-31 (1986); *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985). So long as an adequate post-deprivation state remedy exists for plaintiff, his allegations concerning the loss of his personal property fail to state a claim for which relief can be granted under 42 U.S.C. § 1983; it does not matter whether the deprivation was by the defendant's intentional conduct or negligence. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). The statutes governing the Tennessee Claims Commission, Tenn. Code Ann. § 9-8-301 *et seq.*, provide plaintiff with adequate state remedies for the alleged loss of his personal property.

To the extent plaintiff alleges he suffered physical injury and abuse as a result of the release of his personal property, plaintiff has asserted no facts in support of those claims. Pursuant to the Prison Litigation Reform Act, courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1

(6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in Hamilton County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamilton County, Tennessee, and the county attorney for Hamilton County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**